UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRY WILLIAM TRIPP,            ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.            ) | No. 2:17-cv-00045-JMS-MPB |
| ) | |
| WILLIAM SPANENBERG Corizon,            ) | |
| DR. VIKKI BURDINE, Corizon,            ) | |
| DR. COURTNEY DELONEY, Corizon,            ) | |
| ) | |
| Defendants.            ) | |

**Entry on Plaintiff's Motions for Preliminary Injunctive Relief**

Plaintiff Terry Tripp's motion for preliminary injunctive relief, filed on May 23, 2017, dkt. 36, seeks an order from the Court to reinstate certain medications and to order other preliminary relief. Mr. Tripp alleges that his psychiatric and chronic pain medications have been abruptly discontinued in retaliation for his using the prison grievance system. Defendant Dr. Deloney has opposed the motion and Mr. Tripp has replied. The parties have also supplemented their response and reply. Mr. Tripp has filed additional motions to reconsider the Court's denial of preliminary injunctive relief. Dkt. 65; dkt. 66. All of these motions have been considered in this Entry.[1]

---

[1] Prior to this Entry, the Court had not denied Mr. Tripp's request for preliminary injunctive relief. Mr. Tripp's request for preliminary injunctive relief in his original complaint became moot when he filed his amended complaint on May 5, 2017. Dr. Burdine and Dr. Deloney were directed to respond to Mr. Tripp's request for preliminary injunctive relief within twenty-one (21) days of the date of counsel's appearance. Dr. Deloney responded on June 22, 2017, dkt. 46, and both defendants supplemented the response as directed on August 17, 2017, dkt. 60.

Mr. Tripp seeks an order requiring the defendants to: 1) transfer him to another facility to avoid retaliatory acts by the defendants; 2) have Mr. Tripp seen by an outside medical doctor and psychiatrist; and 3) have his mental health medication, Wellbutrin, reinstated.

As recited in the Court's Entry screening the amended complaint, Mr. Tripp alleges that he has suffered from a lifelong history of physical and mental health disorders, including post-traumatic stress disorder, major depressive disorder, panic/anxiety disorders, scoliosis, sciatica/neuropathy, and a severe head injury. While incarcerated in 2012, he took the following prescription medications: Wellbutrin for mental health issues and Gabapentin/Neurontin for chronic pain. He alleges that this course of treatment was extremely effective. When he was released from prison in late 2015, he continued those two medications and his family physician also added Klonopin and Buspirone for extreme anxiety. Mr. Tripp violated his probation and was re-incarcerated in August 2016.

When Mr. Tripp arrived back at the Reception Diagnostic Center, all of his medications except Neurontin were discontinued. On August 23, 2016, when he arrived at Putnamville Correctional Facility, he notified medical and mental health staff that he needed his other medications. Several weeks later, the Wellbutrin was re-started at a lower dose, and his Neurontin was provided but at a lower dose than he had been taking.

On December 12, 2016, after Mr. Tripp filed multiple grievances concerning his medical care, Dr. Spanenberg allegedly discontinued all of Mr. Tripp's medications, including the Wellbutrin prescribed by Dr. Burdine. Mr. Tripp alleges that according to the manufacturers of the medications, they should never be discontinued abruptly because of possible fatal side effects. All of the medications were later reinstated except Wellbutrin.

Mr. Tripp alleges that on January 3, 2017, Dr. Burdine told him that he would never receive Wellbutrin again. Dr. Burdine told him there were other medications Mr. Tripp could try, but Mr. Tripp has declined those other alternatives, at least until recently, because he believes he has tried them before and they have not been effective. He concedes that some of his chronic physical issues have been treated, but his mental health medication remains discontinued and he has only seen mental health providers once or twice (at the time he filed his amended complaint).

The defendants oppose Mr. Tripp's motions for preliminary injunctive relief on the basis that he "misused" Wellbutrin in the past. Mr. Tripp strongly denies this allegation.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). In the Seventh Circuit, the district court conducts a two-step analysis to determine whether such extraordinary relief is warranted. *Id.* "In the first phase, the party seeking a preliminary injunction must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Id.* at 661-62. "If the movant makes the required threshold showing, then the court proceeds to the second phase, in which it considers: (4) the irreparable harm the moving party will endure if the preliminary injunction is wrongfully denied versus the irreparable harm to the nonmoving party if it is wrongfully granted; and (5) the effects, if any, that the grant or denial of the preliminary injunction would have on nonparties (the 'public interest')." *Id.* at 662. The Court balances the "potential harms on a 'sliding scale' against the movant's likelihood of success: the more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor." *Id.*

The defendants have provided medical records which show that Mr. Tripp has been offered other forms of mental health treatment, including group therapy, other medications, suggested lifestyle changes, and evaluations by Dr. Deloney and other mental health staff members. Dkt. 46-1. It is Dr. Deloney's opinion that Mr. Tripp's mental health needs can be adequately addressed through those other options. *Id.* Dr. Deloney also reported that on December 12, 2016, Mr. Tripp "was witnessed being defiant with the expectations for use of medications, and diverting both prescriptions for Wellbutrin and Gabapentin." *Id.* at ¶ 6. She further recites that on December 16, 2016, Dr. Rajoli noted Mr. Tripp's "attempt to conceal and divert medication." Dkt. 46-1, ¶ 7; dkt. 60-1, p. 2. She also states that on April 7, 2017, and again May 19, 2017, Mr. Tripp requested to have his behavioral health code changed so that it indicated that he was not in need of mental health treatment. Dkt. 46-1, ¶¶ 8, 13. Dr. Deloney chose to keep the mental health code in place so that Mr. Tripp could be seen at least every 90 days for a mental health review. *Id.*

In essence, Mr. Tripp wishes the Court to order a specific type of mental health treatment. It is well-settled that "an inmate is not entitled to demand specific care and is not entitled to the best care possible…." *Arnett v. Webster,* 658 F.3d 742, 754 (7th Cir. 2011). Rather, inmates are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id.* Under these circumstances, and at this early stage of the litigation, the Court cannot conclude that Mr. Tripp has a reasonable likelihood of success on his demands for a particular medication or for outside treatment.

In addition, Mr. Tripp's request to be transferred to a different prison cannot be granted by this Court. *See Olim v. Waukinekona*, 461 U.S. 238, 245 (1983) (holding that a prisoner has

no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request.).

For these reasons, the extraordinary remedies requested are not warranted and Mr. Tripp's motions for preliminary injunctive relief, dkt. [36], dkt. [65], and dkt. [66], are **denied.**

IT IS SO ORDERED.

Date: 11/6/2017

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TERRY WILLIAM TRIPP, 103679
Putnamville Correctional Facility
Electronic Service Participant – Court Only

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Joseph A. Panatera
CASSIDAY SCHADE LLP
jpanatera@cassiday.com